Texas Central Railway Company v. J. M. Hicks.

Decided November 24, 1900.

**Contributory Negligence—Obvious Danger—Foreman Ordering Inexperienced Servant.**

Where a railroad section hand was injured in getting off a moving train as directed by his foreman, and the evidence showed that it was no part of his duty to get on and off moving trains, and that he was inexperienced in so doing, but that the foreman was an experienced railroad man, and knew the danger, and that the order to get off was imperative, requiring immediate action such as gave no time for deliberation or estimating the chances, the danger in getting off the train was not so obvious as to preclude a recovery for injury resulting therefrom.

APPEAL from Comanche. Tried below before the Hon. N. R. LINDSEY.

*L. W. Campbell* and *Hutchinson, Presler & Hutchinson,* for appellant.

*T. D. Webb* and *J. H. McMillan,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit for damages for personal injuries received while appellee was employed as a section hand on appel-

lant's railway. It was alleged that pursuant to the order of appellant's foreman in charge of the section where the injury occurred, appellee got off of a moving train for the purpose of extinguishing a fire that was burning on the right of way, and that in doing so, without negligence on his part, he was injured in the particulars set forth in his petition. It was also alleged that appellee was inexperienced and unacquainted with the danger of getting off such moving train, but that the contrary was true as to said foreman.

The trial resulted in a verdict and judgment for appellee in the sum of $500, from which this appeal has been prosecuted.

We think the objections to the court's charge must be overruled. The fact that the court in its charge used the term "jump," instead of "get off," in referring to the order of the foreman, does not seem material. Appellee's evidence tended to show that the train was going at the rate of from seven to twelve miles an hour at the time, and that the foreman ordered him to "get off," and in submitting this theory of the evidence we think it improbable that the jury was misled by the court's charge in the particular mentioned.

It is also insisted in various forms that the danger, if any, in getting off of the moving train was obvious, and as apparent to appellee as to the section foreman, and that therefore there was no error in submitting the issue to the jury and in refusing to grant a new trial. If such was the fact, no citation of authority is needed to establish the proposition so asserted. But we have been unable to say that there was no evidence in support of the court's action and the jury's finding. While the evidence is conflicting, that in favor of the appellee tended to show that it was no part of his ordinary duty to get off and on moving trains; that he was almost wholly inexperienced in so doing; that the foreman was an old, experienced railroad man, and conscious that there was danger; that the command to "get off" was imperative, requiring immediate action, and that appellee did not have time to deliberate and calculate as to his chances. If so, he had the right to assume that the master, the foreman, knew the danger, and that he would not order him to perform an act that he could not safely perform, and we can not say, in the light of the evidence, that the danger in getting off was so obviously dangerous as to preclude the recovery. See Railway v. Duval, 35 S. W. Rep., 699. We hence are of opinion that the court properly submitted the issues of assumed risk, obvious danger, and of contributory negligence; and having done so fully and fairly, as we think, and the evidence being sufficient to sustain the verdict and judgment, it follows, that, in our judgment, all assignments should be overruled and the judgment below affirmed.

*Affirmed.*

Writ of error refused.