GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. ANTONIA B. PUENTE ET AL.

Decided October 29, 1902.

1.—Negligence—Injury to Railroad Employe—Order of Foreman.

Evidence held to warrant a verdict for plaintiffs, suing for injury causing the death of a section hand who was ordered by his foreman to get on a hand car while it was going at a rapid rate of speed, and was injured while so doing, the danger of attempting to board the car while going at such speed being known to the foreman, but not known to the deceased.

2.—Same—Contributory Negligence.

Whether the deceased was, under all the facts, guilty of contributory negligence, was a question for the jury.

3.—Same—Custom—Evidence.

It was admissible in such action to show that it was the usual custom to stop the hand car for the hands to get on it.

4.—Evidence—Leading Question—Opinion.

The question, "State whether it was or was not dangerous for a man to jump on one of these cars while it was going at that rate of speed," was not obnoxious to the objections that it was leading and called for the opinion and conclusion of the witness as to a matter which was not the subject of proof except by an expert witness.

5.—Same—Charge Not on Weight of Evidence.

See charge submitting the issues of negligence alleged as to injury received in boarding a hand car, held not on the weight of evidence as assuming the existence of the facts submitted.

6.—Same—Charge.

A charge was not to the prejudice of the defendant railway company which instructed that if the jury did not believe that the deceased section hand was

inexperienced in getting on moving hand cars, or that he was not ignorant of the danger in so doing, or if the foreman knew or could have known by the exercise of ordinary care of the danger, they should find for the defendant.

**7.—Assignment of Error—Statement Required.**

Where no statement, as required by Rule 31 of the Courts of Civil Appeals, is subjoined to the propositions under the assignments of error, they will not be considered.

**8.—Action for Death—Measure of Damages—Minority of Children.**

In an action of damages for wrongfully causing death, the jury are not restricted to such as may accrue to the children of the deceased during their minority, since the statute giving the right of action in such cases provides merely that the jury "may give such damages as they may think proportionate to the injury resulting from such death." Rev. Stats., art. 2909.

Appeal from the District Court of Bexar County. Tried below before Hon. S. J. Brooks.

*Newton & Ward* and *Baker, Botts, Baker & Lovett,* for appellant.

*James Routledge* and *W. E. Cox,* for appellees.

NEILL, Associate Justice.—This suit was brought by Antonia B. Puente for herself as widow of Pedro Puente, and as next friend for her minor children, Magario and Theodora, by her deceased husband, to recover $20,000 for his death, alleged to have been caused by the negligence of the company.

Appellant answered by a general denial, a plea of contributory negligence, and, as to Antonia, the plea of limitations. The case was tried by a jury, who, upon a peremptory instruction of the court, found in favor of appellant on its plea of limitations as against the wife; and, on the issues of fact submitted, in favor of the minors for $1000 each.

*Conclusions of Fact.*—On the 8th of September, 1898, Pedro Puente, the husband of Antonia B. and father of the minors, Magario and Theodora, was in the employ of appellant as a section hand. While returning from work on a hand car, in charge of and operated under the directions of a section foreman, he was ordered by the foreman to get off the car, go in advance of it to the top of an embankment at a cut and curve in the road, and ascertain if a train were approaching. After ascending the embankment and perceiving the track was clear, he signaled the hand car to move forward; he then descended the embankment and took his position in the center of the railway track and there awaited the approach of the hand car for the purpose of resuming his seat upon it. Under such circumstances it was the usual custom of the foreman to slow up or stop the car so that a member of his gang could get aboard with reasonable safety. This custom was known to Puente, and he took his position on the track and stood there expecting it would be observed in that instance. While standing there the brakes were applied to the approaching car, and it was slowing down; but when it came within a short distance of him, the foreman ordered the brakes

off. The order was obeyed and the speed increased so as to render it dangerous to one of Puente's experience to board the car. While running at such speed, the foreman negligently ordered by signal Puente to get on the car. The foreman knew, or in the proper exercise of his duty should have known, that obedience to the order would be attended with extraordinary danger. Puente was inexperienced in getting on hand cars in motion, and on account of his inexperience, which was known to his foreman, was ignorant of the danger incident to obeying such order,—at least the danger of obeying the order was not so glaring that a prudent man would not have undertaken it. The order not being manifestly unreasonable, nor the danger incident to its obedience so manifest that a man of ordinary prudence would not undertake to obey it, Puente, being impelled by a sense of the duty of obedience to his foreman, got on the car and in the act of doing so was by its force thrown back under the rapidly descending handle-bars, and was by them struck and injured, and such injury resulted in his death. The negligence of the section foreman in ordering the deceased to get on the car at the time and place and under the circumstances stated was the proximate cause of his death, unmixed with any negligence of deceased contributing thereto. By reason of such negligence the appellees, Magario and Theodora Puente, were damaged in the sum of $1000 each.

*Conclusions of Law.*—In its twelfth assignment of error the appellant complains of the court's refusing peremptorily to instruct a verdict for the defendant. As a number of the assignments are directed to the court's charge, and this assignment involves such a consideration of the law pertaining to the facts as will aid us in disposing of such other assignments, it will be first considered.

Primarily negligence vel non is a question of fact to be found by the jury. Only when but one conclusion can be drawn from the evidence, can the court withdraw such question from the jury or control them in its decision; for if the evidence is such that men of ordinary intelligence may reach different conclusions, its submission to the jury is obligatory. Our conclusions of fact are based upon the evidence and are such as must have been found by the jury. If the conclusion of negligence on part of appellant is warranted by the law applicable to the evidence, the requested charge should not have been given—unless it clearly appears from the undisputed testimony that deceased was guilty of contributory negligence. Did the facts warrant the jury in finding the appellant guilty of such a breach of duty it owed deceased as would under the law constitute negligence? It is the duty of the owner to superintend and control the forces and instrumentalities he employs in his work, and the duty of the servant to obey and perform under his directions; and the law will not cast the duties which belong to the one on the other, or refuse to enforce the obligations which either may have incurred. The master, by appointing a foreman, with power to direct the men under him when and how to do their work, thereby

devolves upon him the performance of duties personal to the master. In exercising this power the foreman does not stand upon the same plane with those under his control. His position is one of superiority. Therefore when he gives an order within the scope of his authority, if not manifestly unreasonable, those under him are bound to obey at the peril of losing their situation, and such commands are, in contemplation of law, the commands of the master, and he is held responsible for the consequences. If the danger of obeying the order is not so glaring that no prudent man would have undertaken it, the law will not declare the servant's act of obedience negligence per se, but will leave it to the jury to say whether he ought to have obeyed or not. Railway v. Duvall, 35 S. W. Rep., 701; Railway v. Hicks, 59 S. W. Rep., 1125; Railway v. Sanchez, 65 S. W. Rep., 893; Railway v. Lawson, 101 Tenn., 406, 47 S. W. Rep., 489; Railway v. England, 163 U. S., 93, Book 41 L. ed., 82; Allison v. Railway, 4 S. E. Rep., 91; Patton v. Railway, 82 Fed. Rep., 984, 42 U. S. App., 567. In view of the principles stated, and of the analogy of the cases cited to the one under consideration, we are of the opinion that it was for the jury to find from the evidence, (1) whether appellant was guilty of negligence in giving the order, and (2) whether deceased was guilty of contributory negligence in obeying it. From this it follows that the court did not err in refusing the special instruction; and, there being evidence reasonably sufficient to sustain the verdict, it is not within our province to disturb it.

The court permitted a witness to testify, over appellant's objection that such testimony was immaterial, irrelevant, and imcompetent, that it is the usual custom of railroads to stop a hand car for a person to get on. The admission of the testimony is assigned as error. Generally the question of negligence is of such a character that it may be presumed that jurors are competent to decide the question upon ascertaining the immediate facts, upon being informed as to the law by the court. But in cases where the question involved is of such a character that the jury will be aided by being advised of the practice of others under like circumstances, such evidence is competent, at least where the custom is a general or universal one. Gillett, Ind. and Col. Ev., sec. 128. The principle thus stated is recognized by the Supreme Court in Railway v. Reed, 88 Texas, 439, 31 Southwestern Reporter, 1061, and by the Court of Civil Appeals in Railway v. Nelson, 20 Texas Civil Appeals, 536. But evidence by which it was sought to prove the custom was held inadmissible in both cases, because insufficient to show it was general or universal. In this case the objection does not go to the sufficiency of the testimony to show the custom, but the relevancy and competency of such a general or universal custom as evidence. In view of this, and the principle stated, we believe the assignments of error complaining of the testimony are not well taken.

Counsel for appellees asked the witness Sexto Cifuentes "whether it

was or was not dangerous for a man to jump on one of these cars while it was going at that rate of speed?" The answer was: "Yes, sir; it is dangerous in getting on in front." The question was asked over the objections that it was leading, and called for the conclusion and opinion of the witness as to a matter which was not the subject of proof [except] by an expert witness. The action of the court in allowing the question asked and answered is assigned as error. We do not think the objection that the question was leading tenable. It did not suggest the desired answer, and could not be answered by "yes" or "no." Lott v. King, 79 Texas, 299. And it would seem under the opinion of this court in Railroad v. Ford, 22 Texas Civil Appeals, 131, that the answer to the question is not obnoxious to the objections urged. But if it should be conceded that the answer is open to the objections, appellant was not injured by it and can not complain of it, for other witnesses testified to the same fact without objection. Jose Guerra testified: "It is dangerous for a man to get on a car when it is running eight or ten miles per hour, when he does not know how. I wouldn't get on while moving, because I know it is dangerous." And the testimony of Robert Brannon is: "It is dangerous for a man to endeavor to get on the front of these hand cars while going at a speed of eight or ten miles per hour. It is dangerous to get on even at four miles per hour."

The appellant complains of the following excerpt from the court's charge: "and that it was the usual custom for said foreman to stop or slow down said car so that such a man performing such duties could get thereon with reasonable safety, and that said decedent was aware of such custom and was on the track expecting said hand car to stop or slow down so that he could get thereon with reasonable safety," upon the grounds, (1) it is upon the weight of evidence and assumes the existence of the issues submitted, and (2) it is without pleadings or evidence to support it.

When this excerpt is taken and considered in connection with the charge as a whole it can not be considered upon the weight of the evidence. The following extract from appellees' petition shows that the part complained of was authorized by the pleadings: "Said car was coming through said cut at an exceedingly rapid rate of speed, and descending down a grade; that the exercise of ordinary care demanded, and it was the usual custom in operating hand cars, when they were about to take men up, to stop or slow down just before they reached the men so that they could safely get on the car, and that said decedent expected this would be done in this instance and was on the center of the track expecting it to stop so he could get on." Our conclusions of fact demonstrate that there was evidence upon the matters submitted in the part of the charge objected to in this assignment.

Appellant's fifth, sixth, seventh, eighth, and ninth assignments of error will not be considered because to none of the propositions under

them is there subjoined a statement in substance of such proceedings, or part thereof, contained in the record, as is necessary and sufficient to explain and support the proposition, as is required by rule 31 of this court.

When that part of the charge complained of in the tenth assignment is taken and construed with the charge as a whole, it will not be found subject to the objections urged against it. Its effect was to tell the jury if they did not believe Puente was inexperienced in getting on moving hand cars, or not ignorant of the danger, if any, arising therefrom, or if they did not believe the foreman knew of his inexperience and ignorance, or if they did not believe the foreman knew or could have known by the exercise of ordinary care, of the danger, if any, incident to and arising from getting on a hand car going at the rate of speed it was, to find for the defendant. Under it the jury were compelled to find for the appellant if they did not believe the matters submitted to them by this portion of the charge. We fail to see how appellant could have been injured or prejudiced by it. Besides, the substance of the part complained of was given in special charges numbers 2 and 3 at appellant's request. These special charges relieved the main charge of any obscurity upon the points complained of in this assignment.

Upon the measure of damages the court instructed the jury as follows: "Should your verdict be for plaintiffs, you should find for them in such an amount as you believe from the evidence that if paid now will fairly and reasonably compensate them for such support and maintenance as the decedent, if he had lived, would have given to Theodora and Magario Puente, if any, and for such an amount as the decedent, if he had lived, would have expended for the education of Magario and Theodora Puente, if any." It is assigned as error, because (1) that it does not limit the right of recovery of the minors to the time of attaining their majority, and (2) there was no testimony that deceased had ever expended, or would expend, any money for the education of the said children.

The language of the statute is: "The jury may give such damages as they may think proportionate to the injury resulting from such death." It does not limit the damages to such as accrue during the minority of the children of the deceased. Nor are they tied down to any precise rule within the limit of the statute as to the amount and species of injuries sustained; the matter is to be submitted to their sound judgment and sense of justice. They must be satisfied that pecuniary injuries resulted. If so satisfied, they are at liberty to allow them, from whatever source they actually proceed which could produce them. If they are satisfied from the history of the family, as intrinsic probabilities of the case, that they were sustained by the loss of bodily care or intellectual culture or moral training which the parent had supplied or would, from the duties growing out of the rela-

tionship, probably supply, they are at liberty to allow it. Railway v. Lehmberg, 75 Texas, 61; Railway v. Lister, 75 Texas, 56.

The children were respectively eighteen months and two and a half years old when their father was killed. It was his duty to support, maintain, and educate his children, and it may be presumed that he would have continued to discharge this duty had he lived. We do not think that appellant can justly complain of this part of the charge. The verdict can not be considered excessive.

There is no error assigned which requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.