## LOWENTHAL-HARRISON COMPANY v. EDMISTON BROS. ET AL.

### Decided October 14, 1905.

**1.—Assignment of Error—Proposition.**

Where an assignment of error was that the court erred in sustaining a motion to quash a writ of garnishment, because the application for same was in full compliance with the law, a proposition thereunder that: "In construing garnishment papers the court looks to all papers filed in the garnishment case, and also to papers in the original case; and all affidavits filed in the garnishment for the purpose of obtaining the writ of garnishment must be construed together in ascertaining if all papers necessary to authorize issuance of garnishment have been filed," was insufficient as not showing the specific ground of error complained of.

**2.—Same—Accompanying Statement.**

A statement accompanying the proposition, that plaintiff filed two papers, not named nor described, further than that, taken together, they contain all the requirements of certain designated articles of the Revised Statutes, is the

statement of a legal conclusion, and not of facts taken from the record, as required by the rules.

Appeal from the County Court of Anderson. Tried below before Hon. G. W. Hudson.

*Gregg, Brown & Brooks,* for appellant.

*John Young Gooch* and *Thos. B. Greenwood,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant, a corporation, having a claim against the Drummond Mill & Elevator Company, brought suit thereon in the County Court of Anderson County and applied for and obtained the issuance of a writ of garnishment against the appellees, Edmiston Bros. Upon the trial of the garnishment suit the court below sustained exceptions interposed by the defendants in the original suit to the garnishment proceedings, and dismissed same. From this order of dismissal plaintiff in the court below prosecutes this appeal. The only assignment of error presented in appellant's brief, together with its accompanying proposition and statement, is as follows:

"The court erred in sustaining the Drummond Mill & Elevator Company's motion to quash the writ of garnishment issued herein on the 22d day of June, 1904, addressed to the sheriff or any constable of Trinity County, Texas, and in dismissing said garnishment proceeding on said motion because the application for same was in full compliance with the law.

*"Proposition.*—In construing garnishment papers the court looks to all papers filed in the garnishment case and also to papers in the original case; and all affidavits filed in the garnishment case for the purpose of obtaining the writ of garnishment must be construed together in ascertaining if all papers necessary to authorize issuance of garnishment have been filed.

*"Statement.*—On the 22d day of June, 1904, the plaintiff filed two papers at the same time for the purpose of obtaining the writ of garnishment to issue to Trinity County, as shown by bill of exceptions as follows: 'And it being further known that upon the hearing of said motion to quash it was admitted that the two above mentioned papers were filed with the clerk at the same time for the purpose of securing the issuance of said writ of garnishment, and that the same was issued upon the filing of said two papers.' Both of said papers were sworn to, and, taken together, contained all the requirements of section 2, article 217 and article 219 of the Revised Statutes, and were both filed in the garnishment case."

Appellee objects to our consideration of this assignment for two reasons: First, because the proposition thereunder is not germane to the assignment; and second, because the proposition is not followed by a sufficient statement from the record as required by rule 31. We think both of these objections should be sustained. It may not be absolutely

accurate to say that the proposition above set out is not germane to the assignment, because from the general nature of the assignment the proposition might be pertinent to the error complained of, but it is manifestly incomplete and insufficient, since it may be conceded to be sound and yet the specific ground of error complained of in the assignment would not be shown. Rule 30; 94 Texas, 660; Waters-Pierce Oil Co. v. Cook, 6 Texas Civ. App., 573, 26 S. W. Rep., 97.

The statement following the proposition is clearly insufficient. The two papers referred to in the statement are not even named, and nothing is said as to what they contain further than that, taken together, they contain all the requirements of section 2, article 217 and of article 219 of the Revised Statutes. This is but a statement of a legal conclusion, and not a statement of facts taken from the record, as required by rule 31. If we concede the soundness of the proposition and the truth of the facts set out in the statement, the error complained of by the assignment is not made apparent, and any presentation of an assignment which fails to do this is not in compliance with the rules and will not be considered. (Rule 31, 94 Texas, 660; Cooper v. Heiner, 91 Texas 658; Railway Co. v. Puente, 30 Texas Civ. App., 246, 70 S. W. Rep., 362; Parker Co. v. Jackson, 5 Texas Civ. App., 36, 23 S. W. Rep., 924; Westenhouse Co. v. Troell, 30 Texas Civ. App., 200, 70 S. W. Rep., 324; Holton v. Railway Co., 31 Texas Civ. App., 128, 6 Texas Ct. Rep., 112; Railway Co. v. Lee, 32 Texas Civ. App., 23, 7 Texas Ct. Rep., 44.)

Appellant having failed to present any error in its brief in such manner as to require our consideration, and there being no error apparent of record, the judgment of the court below will be affirmed, and it is so ordered.

*Affirmed.*