## HOUSTON GAS & FUEL CO. v. PERRY et al.
### No. 1580—6430; Motion No. 12371.

Commission of Appeals of Texas, Section B.
Feb. 26, 1936.

On Rehearing March 25, 1936.

See, also, 79 S.W.(2d) 623.

Vinson, Elkins, Sweeton & Weems and C. M. Hightower, all of Houston, for plaintiff in error.

Bryan, Cosby, Suhr & Bering, Rodman S. Cosby, and Charles W. Bell, all of Houston, for defendants in error.

TAYLOR, Commissioner.

Defendant in error, Mrs. D. N. Perry, for herself and as next friend for her minor daughter, sued Houston Gas & Fuel Company and Hartford Accident & Indemnity Company for damages on account of the death of D. N. Perry, husband of Mrs. Perry, and father of the minor daughter, Daisy Perry; and sued also for the benefit of Vera Perry, O. M. Perry, and Daniel H. Perry.

Plaintiff alleged that D. N. Perry was an employee of Hermann Hospitals Estate, a subscriber to the Workmen's Compensation Act, and that the indemnity company had issued a policy of compensation insurance to the subscriber as such; that as a result of the death of Perry the indemnity company had paid doctors', hospital and nurses' fees to the extent of $1,000, and that plaintiff had been compelled to pay funeral expenses in the sum of $400. Plaintiff alleged also that shortly after Perry's death the indemnity company admitted its liability under its policy and began its payments to plaintiff, and thereby acknowledged its liability on account of Perry's death in the sum of $7,200, and further pleaded that the indemnity company was subrogated to the rights of plaintiff for damages on account of the negligent death of her husband and entitled to be subrogated to plaintiff's right of action against Houston. Gas & Fuel Company to the extent of the sum provided in said policy; that though the indemnity company had

been requested to file suit under its subrogation rights against the Houston Gas & Fuel ·Company, it had declined to do so, and that plaintiff was therefore filing suit making the indemnity company a party and acknowledging its rights through subrogation.

It is not alleged by plaintiff that she was suing for the use and benefit of the indemnity company, but, on the other hand, it is alleged that her suit is on behalf of herself individually and as next friend of the minor daughter of herself and her deceased husband, and for the benefit of the other parties above named. It appears also that plaintiff in concluding her petition does not pray for recovery of anything against the indemnity company, but, on the other hand, prays for recovery for herself and daughter, and makes no mention of the indemnity company in her prayer.

The Houston Gas & Fuel Company's trial answer consists of a general demurrer, general denial, and a plea of contributory negligence on the part of the deceased. The company makes no mention in its answer of its codefendant, the indemnity company, and the answer contains no prayer of any kind.

·The indemnity company, though duly served with notice of suit, did not file any character of pleading seeking any kind of recovery against Houston Gas & Fuel Company, its codefendant, plaintiff in error here. In fact, the transcript does not contain any pleading whatsoever on behalf of the indemnity company, notwithstanding it was regularly before the trial court.

It is not disputed that the indemnity company, prior to the filing of the suit by plaintiff, obligated and bound itself to pay compensation pursuant to the Workmen's Compensation Act to Mrs. Perry and her daughter in the sum of $7,200 as pleaded by plaintiff, $3,600 payable at the rate of $10 per week for Mrs. Perry, and a like amount payable in the same manner .to her daughter. Nor is it disputed that the indemnity company paid doctors', hospital and nurses' fees in the sum of $803.50. No evidence was offered on behalf of the defendants.

The jury found damages for Mrs. Perry individually in the sum of $8,000 and for $5,000 as next friend for her daughter, and reasonable funeral expenses in the sum of $200. Judgment was entered by the trial court in favor of Mrs. Perry for $8,200 and in favor of her daughter for $5,000 against Houston Gas & Fuel Company. Judgment was entered in favor of the indemnity company against Houston Gas & Fuel Company under its subrogation right for $1,313.50 for doctors', hospital and nurses' fees. The correct amount for such fees was admitted by plaintiff on appeal to be $803.50. The judgment awards the indemnity company a recovery against Houston Gas & Fuel Company for $680, the amount of the assumed compensation already paid in weekly installments. The judgment further decreed that Mrs. Perry recover nothing for the benefit of Vera, O. M., and Daniel H. Perry. The indemnity company did not appeal. The Court of Civil Appeals reformed the judgment of the trial court only to the extent of reducing the amount of recovery for doctors', hospital and nurses' fees to $803.50, and in all other respects affirmed the judgment of the trial court. 55 S.W.(2d) 901.

The principal questions presented are in effect .whether the trial court erred in awarding judgment in favor of the indemnity company through subrogation for doctors', nurses' and hospital fees, and for not deducting from · the amounts of damages found by the jury for plaintiff individually, and as next friend for her daughter, respectively, the amount of the indemnity company's assumed compensation liability in the sum of $3,600 each.

The rights of plaintiff are governed by section 6a of article 8307 of the Workmen's Compensation Act (Rev.St.1925) which reads: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum

greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

■ The act expressly provides that the compensation insurer, in the event compensation is claimed by the beneficiaries of the injured employee, shall be subrogated to the rights of the employee, and that it may enforce same against the negligent third party. It is settled by the decisions in this state, however, that in the event the compensation insurer refuses to sue the negligent third persons, the injured employee or his representatives may sue for the excess. Lancaster v. Hunter (Tex.Civ. App.) 217 S.W. 765. It is held in the case cited that the section of the act above quoted, by expressly providing that the insuring company may enforce the liability of such third person, does not destroy the cause of action of the employee or his representatives, or their right to sue in case the insurers fail to sue. It is further there held that the act contemplates that in cases where the damages exceed the amount paid or assumed to be paid the employee or his beneficiaries, the employee or his representatives are the real beneficiaries and as such entitled to sue and recover the excess.

In Galveston-Houston Electric Ry. Co. v. Reinle (Tex.Civ.App.) 264 S.W. 783, it was contended that it was a sufficient ground for reversal of a judgment against the alleged negligent third party that the compensation carrier had refused to prosecute the suit; also that the representatives of the injured employee should not be permitted to recover against such third party. The Court of Civil Appeals, relying upon the holding in Lancaster v. Hunter, supra, stated above, refused to sustain the contention. Writ of error was refused in the Reinle Case. This construction of the quoted section of the statute is upheld in Hanson v. Ponder et al. (Tex.Com.App.) 300 S.W. 35, with additional reasons stated for such construction.

While it is true that plaintiff, in view of refusal or failure on the part of the indemnity company to prosecute the suit against the Houston Gas & Fuel Company, had the right to enforce whatever cause of action she had against that company as a negligent third party, her right of recovery, by virtue of the quoted section of article 8307 of the Compensation Act, is limited to the extent above stated. The Court of Civil Appeals in its opinion in Mitchell v. Dillingham, 22 S.W.(2d) 971, 972, makes an analysis of the section of the act under consideration, and correctly states the rights of the parties, as well as the duty of the trial court in rendering judgment in a case involving, at the time the suit was filed, a state of facts similar to that here presented. Chief Justice Hickman, speaking for the court, says: "The following conclusions are deduced from the authorities: (1) The appellants had the right under this article to institute and maintain this suit, although the compensation insurer was not a party thereto. (2) Their right to any recovery, however, is limited to such damages, if any, as they suffered in excess of the amount of compensation insurance collected by them. (3) Since no cause of action existed except for such excess, it was proper for appellee to plead and prove the amount of compensation insurance collected. (4) It was the duty of the court, in rendering judgment, to deduct such amount from the amount of damages found by the jury. (5) Since, in the instant case, the total amount of damages was less than the compensation theretofore collected, appellants were not entitled to any judgment against appellee," citing Hanson v. Ponder, and Lancaster v. Hunter, and Galveston-Houston Ry. Co. v. Reinle, supra; William Cameron & Co. v. Gamble (Tex.Civ.App.) 216 S.W. 459; Panhandle & S. F. Ry. Co. v. Hurst (Tex. Civ.App.) 251 S.W. 538, and Haynes v. Bernhard (Tex.Civ.App.) 268 S.W. 509. See, also, Texas Employers Insurance Association v. Brandon (Tex.Com.App.) 89 S.W.(2d) 982, not yet reported [in State Reports].

It is immaterial that in the Dillingham Case there was no recovery by plaintiffs. This is due to the fact that there was no damage sustained in excess of the compensation collected by plaintiffs. The compensation for which the insurer was liable in that case had not only been assumed, but had been collected by plaintiffs at the time they filed suit. This explains why Chief

Justice Hickman, in formulating conclusions (2) and (3) set out above, referring to the compensation in question, uses "collected" rather than the statutory term "paid or assumed." Section 6a supra.

In the present case the damages found by the jury are in excess of the compensation assumed, and plaintiff is entitled to recover from Houston Gas & Fuel Company the amount of such excess. The compensation liability recognized by the indemnity company under the undisputed facts is $7,600 assumed to be paid in weekly installments by the indemnity company, and the further sum of $803.50 which was paid by the company for medical aid and hospital fees reasonably incurred within the first four weeks following the injury of the deceased. See article 8306, § 7, R. S.1925. It is apparent that the limit of recovery to which Mrs. Perry is entitled is the difference between the total amount of damages found by the jury for her individually and as next friend for her minor daughter, and the total compensation liability assumed and paid by the indemnity company prior to the filing of the suit. Assuming, but not deciding, that the compensation liability assumed by the indemnity company has been properly prorated by the terms of the assumption agreement between the legal beneficiaries of the deceased, and prorating in the same proportion and deducting the assumed and paid compensation liability aggregating $8,403.50, the recovery to which Mrs. Perry individually is entitled is the excess of $8,200 over one-half of the aggregate amount of the assumed and paid liability in the sum of $4,201.75, and the recovery to which the minor daughter is entitled through her mother is the excess of $5,000 over the same sum. The amounts of the recoveries thus computed are for $3,998.25 and $798.-25 respectively, and the judgments of the trial court and Court of Civil Appeals should be reversed and so reformed as to award judgment accordingly.

There being no pleading upon which recovery in favor of the indemnity company could be predicated, the judgments should be further reformed by eliminating therefrom any recovery in its behalf.

It is urged by the Houston Gas & Fuel Company that since neither the pleading nor evidence showed special conditions of infirmity on the part of the minor, the trial court erred in not limiting in its charge her right of recovery to what she would have reasonable expectation of receiving from her father during her minority.

Such is not the rule in this state. Galveston, H. & S. A. Ry. Co. v. Puente, 30 Tex.Civ.App. 246, 70 S.W. 362 (writ refused). In Hines v. Walker (Tex.Civ. App.) 225 S.W. 837, (writ refused), a suit instituted under the federal employer's liability statute, the rule is followed that in the absence of pleading and proof of special conditions of infirmity on the part of the minor as a basis for reasonable expectations of pecuniary benefits beyond majority, recovery should be limited to benefits to accrue during minority; but it appears from the opinion on rehearing that the rule there followed was given effect because a federal question was presented, and that in such case it was the court's duty to follow the United States Supreme Court rule. We approve the holding of the Court of Civil Appeals in this case.

We find no reversible error in the other assignments presented by the record.

The judgments of the trial court and Court of Civil Appeals are so reformed as to award recovery to Mrs. Perry individually for $3,998.25 and as next friend of her daughter, Daisy Perry, for $798.25. The judgments are further reformed by eliminating therefrom any recovery in behalf of Hartford Accident & Indemnity Company.

The judgments, as reformed, are affirmed.

Opinion adopted by the Supreme Court.

## On Motions for Rehearing.

TAYLOR, Commissioner.

It is pointed out in defendant in error's motion for rehearing that in the opinion on original hearing it is inadvertently stated the compensation liability assumed by the indemnity company is $7,600, and that the correct amount of the assumption is $7,200, as was stated at an earlier point in the opinion. The erroneous statement thus made is corrected, and the motion is granted. This results in adding to the judgment awarded Mrs. Perry, individually, the sum of $200, and in adding a like sum to the judgment awarded her as next friend of her daughter, Daisy Perry. Our judgment upon original hearing is therefore set aside and the judgments of the trial court and Court of Civil Appeals are here so reformed as to increase the amount of the original

recovery of Mrs. Perry, individually, to $4,198.25, and as next friend of her daughter, to $998.25. The judgment is further reformed as in our original opinion by eliminating therefrom any recovery on behalf of the Hartford Accident & Indemnity Company; and as herein reformed is affirmed.

 Plaintiff in error's motion for rehearing, which presented merely a question as to the date from which the judgment as reformed should bear interest, has heretofore been overruled without comment. The judgment as reformed correctly fixes the date as that of the entry of the judgment of the trial court.

Opinion adopted by the Supreme Court.