## G. A. FOOTE v. S. C. O'ROORK ET AL.

(Case No. 3586.)

1. LIMITATION.— A suit brought on a promissory note before the bar of limitation was complete will inure to the benefit of an intervenor interested in the recovery, who intervened in the action after the expiration of the four years from the time when the statute began to run.

2. SAME.— That a mortgage was not set up and foreclosure asked until the expiration of four years from the maturity of the note which it was given to secure, will not avail under a plea of limitation to prevent foreclosure, if suit was brought on the note before the bar as to it was complete.

APPEAL from Collin.   Tried below before the Hon. Joseph Bledsoe.

Simon C. O'Roork and others brought this suit against G. A. Foote on March 25, 1874, to recover the amount claimed to be due on a promissory note, dated June 25, 1860, for $135, due the 5th day of June, 1861, signed by appellant and Wm. H. Perkins and another, and payable to James F. Fisher as administrator of the estate of John J. Miller, deceased.  They claimed that the administration on Miller's estate had been virtually closed by the removal of the administrator several years before the suit was brought; that they were the heirs of Miller, and that the note was given for land purchased at a sale made by Fisher as such administrator, by appellant Foote.

In 1875 one Mays intervened, claiming to be the owner of an interest in the note by purchase from some of the heirs of J. J. Miller; he set up a mortgage given by Foote upon the land, to secure the note, and asked a foreclosure of the same.

Sarah C. Moore, joined by her husband, Samuel Moore, intervened June 21, 1877, claiming an interest in the note as one of the heirs of Miller, and asked to prosecute the suit with the other plaintiffs. The plaintiffs and intervenors thereafter seem to have prosecuted the suit together.

Appellant, among other defenses, pleaded limitation both as to the note and mortgage, and especially as to the intervenors.   The other parties prayed for a judgment for the amount of the note and foreclosure of the mortgage, and in the alternative a judgment for the land.

The case was tried without a jury July 24, 1877, and judgment rendered for the amount of the note against Foote, and the mortgage was foreclosed upon the land.

The errors assigned related to the question of limitation.

*Throckmorton, Brown & Bro.*, for appellant, cited on limitation, Koschwitz *v.* Healy, 36 Tex., 667.

No briefs on file for appellees.

WATTS, J. COM. APP.— Limitation did not commence to run against the note, upon which this suit is founded, until March 31, 1870, and as the suit was commenced by the plaintiffs before the expiration of four years from that time, it is very clear that they are not barred. But the intervenors came into the case after the expiration of four years from March 31, 1870, and it is claimed that as to them the note is barred. It would seem that the suit by the plaintiffs would inure to the benefit of the true owners of the note, and would as to them suspend the running of the statute. The intervenors do not assert a new cause of action, but only claim an interest in the cause of action already asserted against the defendant. This is the effect of the rule announced in Field *v.* Gautier, 8 Tex., 77. See, also, Hanna *v.* Drennan, Tex. Law Jour., vol. 4, p. 728.

So long as the debt which the mortgage was given to secure is not barred, the mortgage is unaffected by limitation. Here the fact that the mortgage was not asserted until after the lapse of four years from March 31, 1870, constitutes no valid objection to the foreclosure of the same.

The other questions urged by appellant, and concerning which an expression of an opinion is requested, since this appeal was taken, have been settled in Burgess *v.* Millican, 50 Tex., 397, adversely to the view presented by the appellant.

As there is no error in the judgment it ought to be affirmed.

AFFIRMED.

[Opinion approved April 10, 1883.]