## HOUSTON GAS & FUEL COMPANY v. MRS. D. N. PERRY ET AL.

No. 6430.  Decided, on motion for additional supersedeas bond,
February 20, 1935.
On the merits of the case, February 26, 1936.
On rehearing, March 25, 1936.
(79 S. W., 2d Series, 623; 91 S. W., 2d Series, 1052.)

*Vinson, Elkins, Sweeton & Weems* and *C. M. Hightower,* all of Houston, for plaintiff in error.

Where an employee under the Workmen's Compensation Act is killed through the negligence of a third party and the compensation insurer pays and assumes compensation, but fails and refuses to bring suit for damages against the negligent third party either in its name or that of beneficiaries, the beneficiaries can bring suit against the negligent third party to recover only the amount of damages sustained above the compensation paid and assumed. Mitchell v. Dillingham, 22 S. W. (2d) 971; Trustee of Bowdoin College v. Merritt, 54 Fed., 55; and other cases cited in opinion.

*Bryan, Cosby, Suhr & Bering,* and *Chas. W. Bell* of Houston, for defendant in error.

On the question of subrogation. Galveston H. & S. A. Ry. Co. v. Wells, 15 S. W. (2d) 46; Id., 121 Texas, 310, 50, S. W. (2d) 247; Wilson v. G. A. Stowers Furniture Co., 297 S. W., 352; Schnick v. Morris, 24 S. W. (2d) 491.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the court.

ON MOTION FOR ADDITIONAL SUPERSEDEAS BOND.

Mrs. D. N. Perry and Daisy Perry recovered judgment in the District Court of Harris County, Texas, against Houston Gas & Fuel Company for $13,200.00 apportioned $8,200.00 to Mrs. Perry and $5,000.00 to Daisy Perry. Also Hartford Accident and Indemnity Company, in the same suit, recovered judgment against the Houston Gas and Fuel Company for $1313.20. The judgment further provided that Hartford Accident and Indemnity Company should recover from Mrs. Perry and Daisy Perry the sum of $680.00 to be paid out of their recovery from Houston Gas & Fuel Company. The judgment also provided that Hartford Accident & Indemnity Company recover certain further sums to be paid out of the recovery of Mrs. Perry and Daisy Perry.

Houston Gas & Fuel Company perfected appeal from the above judgment to the Court of Civil Appeals by filing supersedeas bond in the sum of $30,500.00, signed by it as principal and Lloyds Casualty Company of New York as surety.

On final hearing of the above cause in the Court of Civil Appeals the judgment of the district court was in all things affirmed except the item in the judgment awarding Hartford Accident & Indemnity Company $1313.50 was reduced to $803.-50. 55 S. W. (2d) 901: The case is before the Supreme Court on writ of error granted on application of Houston Gas & Fuel Company.

Defendants in error have filed motion in this court, duly sworn to and uncontroverted, to require the Houston Gas & Fuel Company to file new supersedeas bond, and in such motion it is made known to this court that both the principal and surety on the above mentioned supersedeas bond have become insolvent pending this appeal, and that both such principal and surety are now in the hands of receivers duly appointed.

Our statutes provide:

Art. 2272. "In all cases carried by appeal or writ of error from the district or county court to the Court of Civil Appeals or to the Supreme Court, in which a supersedeas bond shall be given, and whenever the said bond shall become insufficient by reason of the insolvency of the sureties on such bond, or from any other cause, the court in which the said appeal or writ of error is pending, shall, upon proper showing of such insufficiency being made, require the giving of additional supersedeas bond in like amount as the original, to be approved by the clerk of the court in which said appeal or writ of error is pending."

Art. 2273. "Upon failure to comply with the rule of the

court ordering the execution of said additional supersedeas bond within a period of twenty days after such order is served the court in which said appeal or writ of error is pending shall issue an order to the trial court, directing or permitting the issuance of execution on the judgment appealed from; but said appeal or writ of error shall not be dismissed, but continue upon the docket as if said cause had been appealed or writ of error granted upon cost bond, provided the clerk of the court in which said appeal or writ of error is pending is satisfied that the original bond is still sufficient when considered as a cost bond."

Art. 2274. "In the event that said clerk shall consider the said original supersedeas bond insufficient when considered as a cost bond, then the said appeal or writ of error shall be dismissed unless the appellant or plaintiff in error within twenty days after notice served by the clerk that the said bond is deemed insufficient for the purpose of the cost bond, shall execute a new bond satisfactory to said clerk, sufficient to secure the payment of the costs, theretofore accrued, or that might thereafter accrue in the further prosecution of the said appeal or writ of error. The giving of said additional original bond or bonds shall not release the liability of the sureties on the original supersedeas bond."

From what has been said it is evident that the supersedeas bond above mentioned has become insufficient both as a supersedeas bond and as a cost bond.

It is therefore ordered that the Houston Gas & Fuel Company be and it is hereby required, within twenty days after a copy of this order has been served upon it, to give an additional supersedeas bond in the same amount as its original bond, and if such bond is not given within the time mentioned the clerk of this court will issue an order to the trial court directing and permitting the issuance of execution on the judgment here appealed from.

It is further ordered that if Houston Gas & Fuel Company shall fail to file with this court, within the time above specified, the additional supersedeas bond above required, it shall, within such time, file an additional cost bond satisfactory to the clerk of this court, and in amount to be fixed by him sufficient to secure the payment of all costs heretofore accrued, and thereafter to accrue in the further prosecution of this appeal.

It is further ordered that if neither of the above bonds are given within the time above specified this appeal and writ of error shall stand dismissed.

It is further ordered that the clerk of this court shall issue

and have served all notices hereinabove provided for, and that the giving of any additional bond hereunder shall not release the liability of the surety under the original supersedeas bond.

Opinion adopted by the Supreme Court February 20, 1935.

## ON THE MERIT OF THE CASE.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Defendant in error, Mrs. D. N. Perry, for herself and as next friend for her minor daughter, sued Houston Gas & Fuel Company and Hartford Accident & Indemnity Company for damages on account of the death of D. N. Perry, husband of Mrs. Perry, and father of the minor daughter, Daisy Perry; and sued also for the benefit of Vera Perry, O. M. Perry and Daniel H. Perry.

Plaintiff alleged that D. N. Perry was an employee of Hermann Hospitals Estate, a subscriber to the workmen's compensation act, and that the Indemnity Company had issued a policy of compensation insurance to the subscriber as such; that as a result of the death of Perry the Indemnity Company had paid doctors', hospital and nurses' fees to the amount of $1,000, and that plaintiff had been compelled to pay funeral expenses in the sum of $400. Plaintiff alleged also that shortly after Perry's death the Indemnity Company admitted its liability under its policy and began its payments to plaintiff, and thereby acknowledged its liability on account of Perry's death in the sum of $7,200, and further pleaded that the Indemnity Company was subrogated to the rights of plaintiff for damages on account of the negligent death of her husband and entitled to be subrogated to plaintiff's right of action against Houston Gas & Fuel Company to the extent of the sum provided in said policy; that though the Indemnity Company had been requested to file suit under its subrogation rights against the Houston Gas & Fuel Company, it had declined to do so and that plaintiff was therefore filing suit making the Indemnity Company a party and acknowledging its right through subrogation.

It is not alleged by plaintiff that she was suing for the use and benefit of the Indemnity Company, but on the other hand it is alleged that her suit is on behalf of herself individually and as next friend of the minor daughter of herself and her deceased husband, and for the benefit of the other parties above named. It appears also that plaintiff in concluding her petition does not pray for recovery for anything against the Indemnity Company, but on the other hand prays for recovery for her-

self and daughter, and makes no mention of the Indemnity Company in her prayer.

The Houston Gas & Fuel Company's trial answer consists of a general demurrer, general denial, and a plea of contributory negligence on the part of the deceased. The Company makes no mention in its answer of its co-defendant, the Indemnity Company, and the answer contains no prayer of any kind.

The Indemnity Company though duly served with notice of suit, did not file any character of pleading seeking any kind of recovery against Houston Gas & Fuel Company, its co-defendant, plaintiff in error here. In fact the transcript does not contain any pleading whatsoever on behalf of the Indemnity Company notwithstanding it was regularly before the trial court.

It is not disputed that the Indemnity Company prior to the filing of the suit by plaintiff, obligated and bound itself to pay compensation pursuant to the Workmen's Compensation Act to Mrs. Perry and her daughter in the sum of $7,200 as pleaded by plaintiff, $3,600 payable at the rate of $10.00 per week for Mrs. Perry and a like amount payable in the same manner to her daughter. Nor is it disputed that the Indemnity Company paid doctors', hospital and nurses' fees in the sum of $803.50. No evidence was offered on behalf of the defendants.

The jury found damages for Mrs. Perry individually in the sum of $8,000 and for $5,000 as next friend for her daughter, and reasonable funeral expenses in the sum of $200. Judgment was entered by the trial court in favor of Mrs. Perry for $8,200 and in favor of her daughter for $5,000 against Houston Gas & Fuel Company. Judgment was entered in favor of the Indemnity Company against Houston Gas & Fuel Company under its subrogation right for $1,313.50 for doctors', hospital and nurses' fees. The correct amount for such fees was admitted by plaintiff on appeal to be $803.50. The judgment awards the Indemnity Company a recovery against Houston Gas & Fuel Company for $680, the amount of the assumed compensation already paid in weekly installments. The judgment further decreed that Mrs. Perry recover nothing for the benefit of Vera, O. M., and Daniel H. Perry. The Indemnity Company did not appeal. The Court of Civil Appeals reformed the judgment of the trial court only to the extent of reducing the amount of recovery for doctors', hospital and nurses' fees to $803.50, and in all other respects affirmed the judgment of the trial court. 55 S. W. (2d) 901.

The principal questions presented are in effect whether the trial court erred in awarding judgment in favor of the Indemnity Company through subrogation for doctors', nurses' and hospital fees, and for not deducting from the amounts of damages found by the jury for plaintiff individually, and as next friend for her daughter, respectively, the amount of the Indemnity Company's assumed compensation liability in the sum of $3,600 each.

The rights of plaintiff are governed by Sec. 6-a of article 8307 of the Workmen's Compensation Act, which reads:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employe or of his legal beneficiaries or in its own name and for the joint use and benefits of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

■ The Act expressly provides that the compensation insurer in the event compensation is claimed by the beneficiaries of the injured employee, shall be subrogated to the rights of the employee and that it may enforce same against the negligent third party. It is settled by the decision in this state however that in the event the compensation insurer refuses to sue the negligent third persons, the injured employee or his representatives.

may sue for the excess. Lancaster v. Hunter, 217 S. W., 765. It is held in the case cited that the section of the Act above quoted, by expressly providing that the insuring company may enforce the liability of such third person, does not destroy the cause of action of the employee or his representatives, or their right to sue in case the insurers fail to sue. It is further there held that the Act contemplates that in cases where the damages exceed the amount paid or assumed to be paid the employee or his beneficiaries, the employee or his representatives are the real beneficiaries and as such entitled to sue and recover the excess.

In Galveston-Houston Electric Ry. Co. v. Reinle, 264 S. W., 783, it was contended that it was a sufficient ground for reversal of a judgment against the alleged negligent third party that the compensation carrier had refused to prosecute the suit; also that the representatives of the injured employee should not be permitted to recover against such third party. The Court of Civil Appeals relying upon the holding in Lancaster v. Hunter, supra, stated above, refused to sustain the contention. Writ of error was refused in the Reinle case. This construction of the quoted section of the statute is unheld in Hanson v. Ponder, et al. (Com. App.), 300 S. W., 35, with additional reasons stated for such construction.

While it is true that plaintiff in view of refusal or failure on the part of the Indemnity Company to prosecute the suit against the Houston Gas & Fuel Company, had the right to enforce whatever cause of action she had against that company as a negligent third party, her right of recovery, by virtue of the quoted section of article 8307 of the Compensation Act, is limited to the extent above stated. The Court of Civil Appeals in its opinion in Mitchell v. Dillingham, 22 S. W. (2d) 971, makes an analysis of the section of the Act under consideration, and correctly states the rights of the parties, as well as the duty of the trial court in rendering judgment in a case involving, at the time the suit was filed, a state of facts similar to that here presented. Chief Justice Hickman speaking for the Court, says:

"The following conclusions are deduced from the authorities: (1) The appellants had the right under this Article to institute and maintain this suit, although the compensation insurer was not a party thereto. (2) Their right to any recovery, however, is limited to such damages, if any, as they suffered in excess of the amount of compensation insurance collected by them. (3) Since no cause of action existed except for such excess, it

was proper for appellee to plead and prove the amount of compensation insurance collected. (4) It was the duty of the Court, in rendering judgment, to deduct such amount from the amount of damages found by the jury. (5) Since, in the instant case, the total amount of damages was less than the compensation theretofore collected, appellants were not entitled to any judgment against appellee."

Citing Hanson v. Ponder, and Lancaster v. Hunter, and Galveston-Houston Ry. Co. v. Reinle, supra; William Cameron & Co. v. Gamble, 216 S. W., 459; Panhandle & S. F. Ry. Co. v. Hurst, 251 S. W., 538, and Haynes v. Bernard, 268 S. W., 509. See also Texas Employers Insurance Association v. Brandon, 126 Texas, 636, 89 S. W., 982.

It is immaterial that in the Dillingham case there was no recovery for plaintiffs. This is due to the fact that there was no damage sustained in excess of the compensation collected by plaintiffs. The compensation for which the insurer was liable in that case had not only been assumed but had been collected by plaintiffs at the time they filed suit. This explains why Chief Justice Hickman in formulating conclusions (2) and (3) set out above referring to the compensation in question uses "collected" rather than the statutory term "paid or assumed." Sec. 6-a supra.

■ In the present case the damages found by the jury are in excess of the compensation assumed, and plaintiff is entitled to recovery from Houston Gas & Fuel Company the amount of such excess. The compensation liability recognized by the Indemnity Company under the undisputed facts is $7,600* assumed to be paid in weekly installments by the Indemnity Company, and the further sum of $803.50 which was paid by the Company for medical aid and hospital fees reasonably incurred within the first four weeks following the injury of the deceased. See article 8306, sec. 7, R. S., 1925. It is apparent that the limit of recovery to which Mrs. Perry is entitled is the difference between the total amount of damages found by the jury for her individually and as next friend for her minor daughter, and the total compensation liability assumed and paid by the Indemnity Company prior to the filing of the suit. Assuming, but not deciding, that the compensation liability assumed by the Indemnity Company has been properly prorated by the terms of the assumption agreement between the legal beneficiaries of the deceased, and prorating in the same proportion and de-

---

* See opinion on rehearing, post, p. 112.

ducting the assumed and paid compensation liability aggregating $8,403.50, the recovery to which Mrs. Perry individually is entitled is the excess of $8,200 over one-half of the aggregate amount of the assumed and paid liability in the sum of $4,201.75, and the recovery to which the minor daughter is entitled through her mother is the excess of $5,000 over the same sum. The amounts of the recoveries thus computed are for $3,998.25 and $798.25 respectively, and the judgments of the trial court and Court of Civil Appeals should be reversed and so reformed as to award judgment accordingly.

■ There being no pleading upon which recovery in favor of the Indemnity Company could be predicated, the judgments should be further reformed by eliminating therefrom any recovery in its behalf.

■ It is urged by the Houston Gas & Fuel Company that since neither the pleading nor evidence showed special conditions of infirmity on the part of the minor, the trial court erred in not limiting in its charge her right of recovery, to what she would have reasonable expectation of receiving from her father during her minority.

Such is not the rule in this state. Galveston H. & S. A. Ry. Co. v. Puente, 30 Texas Civ. App., 246, 70 S. W., 362 (writ refused). In Hines v. Walker (writ refused), 225 S. W., 837, a suit instituted under the federal employer's liability statute, the rule is followed that in the absence of pleading and proof of special conditions of infirmity on the part of the minor as a basis for reasonable expectations of pecuniary benefits beyond majority, recovery should be limited to benefits to accrue during minority; but it appears from the opinion on rehearing that the rule there followed was given effect because a federal question was presented, and that in such case it was the court's duty to follow the United States Supreme Court rule. We approve the holding of the Court of Civil Appeals in this case.

We find no reversible error in the other assignments presented by the record.

The judgments of the trial court and Court of Civil Appeals are so reformed as to award recovery to Mrs. Perry individually for $3,998.25 and as next friend of her daughter, Daisy Perry, for $798.25. The judgments are further reformed by eliminating therefrom any recovery in behalf of Hartford Accident & Indemnity Company.

The judgments as reformed are affirmed.

Opinion adopted by the Supreme Court February 26, 1936.

### ON MOTIONS FOR REHEARING.

■ It is pointed out in defendant in error's motion for rehearing that in the opinion on original hearing it is inadvertently stated the compensation liability assumed by the Indemnity Company is $7600, and that the correct amount of the assumption is $7200, as was stated at an earlier point in the opinion. The erroneous statement thus made is corrected and the motion is granted. This results in adding to the judgment awarded Mrs. Perry, individually, the sum of $200, and in adding a like sum to the judgment awarded her as next friend of her daughter, Daisy Perry. Our judgment upon original hearing is therefore set aside and the judgments of the trial court and Court of Civil Appeals are here so reformed as to increase the amount of the original recovery of Mrs. Perry, individually, to $4,198.25, and as next friend of her daughter, to $998.25. The judgment is further reformed as in our original opinion by eliminating therefrom any recovery on behalf of the Hartford Accident & Indemnity Company; and as herein reformed is affirmed.

Plaintiff in error's motion for rehearing, which presented merely a question as to the date from which the judgment as reformed should bear interest, has heretofore been overruled without comment. The judgment as reformed correctly fixes the date as that of the entry of the judgment of the trial court.

Opinion adopted by the Supreme Court March 25, 1936.