STANDARD OIL CO. OF TEXAS v. SWINNEY et al.

No. 14067.

United States Court of Appeals Fifth Circuit.

Jan. 14, 1953.

W. C. Gowan (of Carrington, Gowan, Johnson & Walker), Dallas, Tex., for appellant.

Royal H. Brin, Jr., Dallas, Tex., for intervenor, Gen. Ins. Corp.

A. F. Jack Nossaman, Sherman, Tex., Jim. O. Bean (of Gallagher, Francis & Bean), Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellee Darwin Swinney was employed by Wampler Brothers, who were independent contractors for the appellant in the drilling of an oil well near Sherman, Texas. He was injured by a fall from a ladder which it was necessary for him to climb in order to gauge the oil in appellant's test tank. The ladder was insecurely fastened to the tank by barbed wire.

Appellant's first contention is that the court erred in not directing a verdict for the defendant, because it is claimed that the ladder was put up and attached by the employees of another independent contractor, Charles Hileman, and that the appellant was not at fault in failing to discover the defective fastening. Neither contention was conclusively established by the evidence. The ladder was admittedly furnished by the appellant, but bolts for fastening it to the tank were not furnished. The men in Hileman's crew were roustabouts who reported to the appellant and were then under its direction and supervision. The one who attached the ladder answered "Yes, sir" to the question:

"Q. The only difference between you and a roustabout paid by the Standard Oil is that you get your money from Hileman and the Standard Oil man gets his from the Standard; that is the only difference, isn't it?"

Further, appellant's engineer in charge, McMahon, testified that he had accepted the tank and ladder from Hileman, that it then became his duty to inspect them, and that they were under appellant's exclusive control. There was ample evidence to prove that the tank and ladder were under the control of appellant, that appellee Swinney was using them by its invitation and that appellant failed to exercise reasonable care to have and maintain them in a safe condition for use. See Sunray Oil Corporation v. Allbritton, 5 Cir., 187 F.2d 475, 476; Crow v. Continental Oil Co., 5 Cir., 100 F.2d 292, 294.

After the jury had returned a verdict for the plaintiff in the amount of $30,000.00, General Insurance Corporation, compensation insurance carrier of Wampler Brothers, was permitted, over appellant's objection, to intervene, and out of the $30,000.00 recovery the court ordered $5,063.00 paid to the intervenor to reimburse it for compensation, medical and hospital payments, and $1,687.66 to its attorney as a reasonable fee for representing it in the intervention. This intervention was not filed until more than two years after General Insurance Corporation had paid the medical expenses and had compromised with Swinney his claim for compensation. Swinney raised no objection to the insurance carrier and its attorney sharing in his recovery to the extent indicated. Appellant, however, insists that the claim of the intervenor was barred by the two year statute of limitations.

of the State of Texas, Article 5526, Sec. 6, Texas Civil Statutes, and that Swinney's right to recover was limited to damages in excess of the compensation paid to him, citing Sunray Oil Corporation v. Allbritton, 5 Cir., 187 F.2d 475, 477 and Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 79 S.W.2d 623, 91 S.W.2d 1052.

No question of limitations was involved in Sunray Oil Corporation v. Allbritton, supra. Further in that case, there was objection throughout the trial to the employee's recovering the part of the claim that would go to the compensation insurance carrier. In this case, until after the verdict the defendant made no effort to have the amount of the compensation insurance carrier's claim deducted from any damages which Swinney might recover. In Houston Gas & Fuel Co. v. Perry, supra, there was "no pleading upon which recovery in favor of the indemnity company could be predicated". 91 S.W.2d at page 1055.

The Texas Workmen's Compensation Law, Article 8307, Sec. 6a, Vernon's Tex. Ann.Civ.Stats., expressly provides that the compensation carrier "shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person * * *."

■■ Though the compensation carrier may recover the amount to which it is subrogated, and the employee may recover the damages in excess of the compensation paid to him, it nevertheless remains true that "there is but one cause of action against the third party tort-feasor", Fort Worth Lloyds v. Haygood, Tex.Sup., 246 S.W.2d 865, 868; Texas Employers' Insurance Ass'n v. Texas & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746. That entire cause of action the employee attempted to assert in this case, and without objection until after the verdict was returned. The intervenor then merely asserted a right to a part of the claim originally asserted by the original plaintiff, and hence the statute of limitations was tolled by the filing of the original suit. Foote v. O'Roork, 59 Tex. 215.

Affirmed.