**PAN AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**HI–PLAINS HAULERS, INC., Appellee.**

No. 6984.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 7, 1960.

Rehearing Denied Dec. 5, 1960.

**192**

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit by Pan American Insurance Company, the compensation insurance carrier, against Hi-Plains Haulers, Inc. as a third party tort-feasor, in an action for recoupment of the amount of workmen's compensation paid to one Albert W. Harris. On February 19, 1957 Harris suffered an injury while an employee of the Yellow Cab & Baggage Company. Appellant, being the compensation insurance carrier of Harris' employers, paid Harris $3,500 compensation plus $480.85 medical and hospital expenses. Thereafter Harris filed this suit against Hi-Plains Haulers, Inc., appellee, as a third party tort-feasor, alleging various acts of appellee's agent were negligent and a proximate cause of Harris' injury. Harris made Pan American Insurance Company a party defendant, and acknowledged the workmen's compensation payments made by Pan American Insurance Company referred to above. Pan American then filed its petition in recoupment seeking recovery of the amount of compensation paid by it to Harris and for hospital and medical expenses plus attorney's fees. Before the case was tried attorneys for Harris and Hi-Plains Haulers, Inc. announced in open court that a settlement had been entered into whereby Hi-Plains Haulers, Inc. agreed to pay Harris $1,750 in settlement of his claim against the third party tort-feasor. It is undisputed that this settlement was without the consent or approval of Pan American. All parties here also agree that this settlement with Harris was without prejudice to the subrogation rights of Pan American in accordance with the Workmen's Compensation Act. At the time this settlement between Harris and Hi-Plains Haulers, Inc. was announced, Hi-Plains Haulers, Inc. offered the like sum of $1,750 to Pan American in full settlement of its subrogation rights. Pan American refused to accept this offer. Hi-Plains Haulers, Inc. subsequently filed its "Motion to Require Election of Remedies" asking that Pan American Insurance Company be required to either accept the sum of $1,750 tendered by Hi-Plains Haulers, Inc. or proceed to trial on the merits of the case on the allegations of negligence on the part of Hi-Plains Haulers, Inc.'s agent. The trial court sustained this motion over the objection of appellant Pan American, thus releasing Hi-Plains of its tender of $1,750 to Pan American. Subsequently, Pan American proceeded over its objection to trial on the merits to determine the liability of Hi-Plains Haulers, Inc. The jury found Hi-Plains Haulers, Inc.'s agent guilty of several acts of negligence that were a proximate cause of Harris' injury, and assessed Harris' damages at $1,500. The trial court entered a judgment limiting Pan American's recovery to $1,500. It is from this judgment that Pan American perfected this appeal.

We deem it advisable to discuss appellant's first six points of error together. It is appellant's position that the trial court erred in not entering judgment for the $1,750 (the amount paid to Harris by appellee) in addition to the costs of enforcement, or in the alternative that appellant have judgment for $3,980.85, the full extent of its subrogation rights plus attorney's fees, the latter contention being based on the fact that the negligence and liability of the third party tort-feasor was established.

Whatever rights of recoupment that may be had by appellant are derived from Section 6a of Article 8307, Vernon's Ann. Civ.St. Both parties cite and rely on Trad-

ers & General Ins. Co. v. West Tex. Utilities Co., 140 Tex. 57, 165 S.W.2d 713 and Ft. Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865. In these two cases the third party tort-feasor paid to the employee in settlement a sum larger than the subrogated claim of the compensation insurance carrier. The instant case differs from the above two cases cited in two respects: the amount paid to the employee by the third party is less than the subrogated amount, and the compensation insurance carrier, refusing to accept the lesser amount paid in settlement, tried the issues of liability and the amount of damages before a jury. As stated above, the jury's assessment of damages in the amount of $1,500 was less than the subrogated claim of the carrier. We have found no case which was confronted with similar facts presented here. Both the Traders & Gen. Ins. Co. case, supra, and Ft. Worth Lloyds v. Haygood, supra, hold that third party negligence need not be judicially established before the compensation insurance carrier is entitled to assert its claim for subrogation under Article 8307, Sec. 6a, V.A.C.S. As is pointed out in the Traders & General Ins. Co. case, supra [140 Tex. 57, 165 S.W.2d 716]:

"The right of the association to reimbursement out of the first money paid is statutory; * * * The money belonging to Traders & General was wrongfully paid by the utilities company to the employee, who wrongfully received it, and both were thereby rendered liable to pay to Traders & General the amount of compensation theretofore paid by it to the employee, together with the costs of enforcement, including a reasonable attorney's fee therefor."

It thus seems clear that the cases hold that the amount of recoupment by a compensation insurance carrier is limited to the amount paid to the employee by the third party, together with the cost of enforcement.

We are now confronted with the question of whether or not the trial court

erred in requiring appellant to make an election of remedies. Although the record shows that Pan American Insurance Company objected to the trial court's order of election, the record further reveals that Pan American had previously in effect made an election when it refused to accept the $1,750 offered by the third party tort-feasor. This is clearly established by the "Stipulation of Facts" entered into by the attorneys of all three parties on September 12, 1958, which was prior to the court's order requiring the election of remedies. The "Stipulation of Facts" reads in part as follows:

"VI.

"At the time of the announcement of settlement, aforesaid, the attorney of record for Hi-Plains Haulers, Inc., offered to the attorney of record for Pan American Insurance Company, a like sum, to-wit, One Thousand Seven Hundred Fifty and no/100 Dollars ($1,750.00) in settlement of its subrogation rights which it was asserting in said cause. Said offer was refused by said attorneys on behalf of Pan American Insurance Company."

and,

"IX.

"That Hi-Plains Haulers, Inc., acting by and through its attorneys of record has continued to offer Pan American Insurance Company One Thousand Seven Hundred Fifty and No/100 Dollars ($1,750.00) in settlement of its subrogation rights in this cause and has not at any time revoked its offer in this respect, and Pan American Insurance Company has at all times refused and still refuses such offer."

After refusing this offer of Hi-Plains Haulers, Inc., it is difficult to determine what other course was available to appellant other than the course ordered by the trial court. In view of Pan American's rejection of the $1,750 offered, it had only one other legal remedy to pursue, to-wit: to proceed with its common law cause of action against Hi-Plains Haulers, Inc. Pan

American waived its right to the amount of $1,750 paid to Harris which it would have been entitled to under the reasoning of Ft. Worth Lloyds and Traders & Gen. Ins. Co. cases, supra. By taking the only legal course available to it after refusing the settlement offer, appellant must accept the jury verdict as to the amount of damages sustained by Harris.

■ We find no authority and none has been cited to support appellant's contention that upon the mere establishment of liability of the third party tort-feasor the compensation insurance carrier is entitled to the recoupment of the full amount paid to the employee. We are therefore unwilling to sustain this contention. We therefore overrule appellant's first six points of error.

By its seventh point of error, appellant complains of the trial court's failure to award medical and hospital expenses. On December 10, 1958, prior to the trial on the appellant's petition in recoupment, the parties stipulated that Pan American had paid certain sums of money as a result of Harris' injuries. In addition to the amount of $3,500 paid to Harris for compensation, it was stipulated that Pan American paid $480.85 for medical and hospital expenses on Harris' behalf, and had expended $350 as necessary and reasonable attorney's fee in defending the compensation suit. Immediately following the stipulation of the amounts expended, we find the following language:

"The next above stipulation is subject only to defendant's legal objection that the attorney's fee of $350.00 incurred in the compensation suit is not subject to recovery in the present suit."

■ Appellant pleaded the amount it had expended for medical and hospital expenses, but no special issue concerning these expenses was submitted. Neither was testimony offered to support this allegation. To have read these pleadings and presented evidence to support this claim would have been reversible error. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811;

Jarbet Co. v. Hengst, Tex.Civ.App., 260 S.W.2d 88 (no writ history). Pan American would be entitled to reimbursement of the amount of these medical and hospital expenses even though no proof was offered. This conclusion is strengthened by the language of the stipulation. Appellee takes the position that appellant is not entitled to be reimbursed for these expenses because of the failure to establish the expenses were reasonable and necessary. We are of the opinion the stipulation removes this objection. As we understand the cases interpreting Sec. 6a, Art. 8307, V.A.C.S., we are of the opinion appellant is entitled to be reimbursed for these expenses. We therefore sustain appellant's seventh point of error.

■ We will next consider the failure of the trial court to award appellant attorney's fees for the prosecution of its present case in recoupment. Appellant concedes it is not entitled to the attorney's fees required in defending the original compensation case. We conclude the trial court erred in failing to award appellant reasonable attorney's fees for the prosecution of the instant case. The Supreme Court, in Ft. Worth Lloyds, supra, clearly settles this question. There the court found the compensation insurance carrier was entitled to be reimbursed for the amount of compensation paid the employee, "together with the cost of enforcement, including a reasonable attorney's fee therefor." [151 Tex. 149, 246 S.W.2d 870] The language and conclusion reached in that case clearly supports appellant's contention. The carrier is entitled to recover a reasonable attorney's fee to be fixed by the trial court. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425.

The judgment of the trial court is therefore reversed and this cause is remanded to the trial court with instructions to enter judgment in favor of Pan American Insurance Company against Hi-Plains Haulers, Inc., for the sums of $1,500 and $480.85, plus a reasonable attorney's fee to be determined by the trial court.

Reversed and remanded with instructions.