# NOVEMBER, 1961

PAN AMERICAN INSURANCE COMPANY, Petitioner
v.
HI-PLAINS HAULERS, INC., Respondent

No. A-8172. Decided October 18, 1961
Rehearing Denied November 22, 1961
350 S.W. 2d 644

2

JUSTICE SMITH, CHIEF JUSTICE CALVERT, and JUS-
TICES GRIFFIN and HAMILTON dissented.

*Simpson, Adkins, Fullingim & Hankins, Richard E. Stokes, Jr.,*
with above firm, Amarillo, for petitioner.

*Underwood, Wilson, Sutton, Heare & Berry, H. C. Pipkin, Jr.,*
with above firm, Amarillo, for respondent.

CULVER, Justice.

This suit grows out of a claim under the Workmen's Compen-
sation Act against the compensation carrier, Pan American In-
surance Company on account of injuries sustained by Albert W.
Harris, an employee of Yellow Cab and Baggage Company. In
a settlement of this claim Pan American paid to Harris the sum
of $3500.00, plus $480.05 for medical and hospital expenses. There-
after, Harris filed this suit against Hi-Plains Haulers, Inc., as a

third-party tort feasor. Pan American intervened pursuant to Sec. 6a of Art. 8307, Vernon's Ann. Civ. Stat., to recover the amount paid by it to the employee, together with a reasonable attorney's fee. During the pendency of the suit Hi-Plains settled with Harris by paying him $1750.00 and thereupon tendered an identical amount to Pan American, which tender was refused and the case proceeded to trial. The jury found Hi-Plains guilty of negligence, and assessed the damages sustained by Harris in the sum of $1500.00. The trial court rendered judgment for Pan American against Hi-Plains in accordance with that verdict.

On appeal the Court of Civil Appeals affirmed the judgment insofar as that recovery was concerned, but reversed and remanded the cause, directing the trial court to include in its judgment the sum of $480.05, the amount paid by Pan American for hospital and medical services rendered to Harris, plus such attorney's fee as might be found to be reasonable. 341 S.W 2d 191.

Both parties applied for writs of error. Hi-Plains contends that the Court of Civil Appeals erred in adjudging it liable to Pan American for the hospital and medical expenses and the attorney's fee.

Pan American alleges that the judgment of the Court of Civil Appeals is erroneous for the reason that in addition to the $1500.00 awarded it by the trial court upon the jury verdict, it is entitled to the sum of $1750.00, the amount paid to Harris by Hi-Plains in the agreed settlement. In the alternative Pan American says that it is entitled as a matter of law to judgment against Hi-Plains to the full extent of the amount paid by it in the settlement of the claim for compensation, since the jury found that the negligence of Hi-Plains proximately caused the damages sustained by the employee, Harris.

Under the facts in this case we hold that Pan American is not entitled to recover the attorney's fee as allowed by the Court of Civil Appeals. Its entire claim for recoupment is founded on Sec. 6a of Art. 8307, Vernon's Ann. Civ. Stat., the pertinent part of which reads as follows:

"If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the Association shall be subrogated to the rights of the injured employee insofar as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in his own name and for the joint use and benefit of said employee or beneficiaries

and the Association the liability of said other person, and in case the Association recovers a sum greater than that paid or assumed by the Association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the Association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries."

We think the statute clearly limits the carrier's recovery to the amount assessed as damages but if on the other hand such damages may be in excess of that paid by the carrier to the employee the carrier may collect "a reasonable cost of enforcing such liability" out of that excess. An attorney's fee was allowed both in Fort Worth Lloyds v. Haygood, 151 Texas 149, 246 S.W. 2d 865, and in Traders & General Insurance Co. v. West Texas Utilities Co., 140 Texas 57, 165 S.W. 2d 713, but in each of those cases the settlement between the employee and the third party was in excess of the amount of compensation paid by the carrier.

Our decision in Smith v. Henger, 148 Texas 456, 226 S.W. 2d 425, 20 A.L.R. 853, does not run counter to our holding here. In that case the objection to the allowance of an attorney's fee was raised by the deceased employee's beneficiary. She complained because the allowance would be paid out of the excess over and above the amount of compensation paid to her. Thus, the implication in that decision is merely that the court reached the same conclusion as it did in the two foregoing cases. If this were only a suit by Harris against Hi-Plains there could be no contention that in addition to the damages recoverable, Harris would be allowed an attorney's fee for bringing the suit. The intention of the Legislature, we think, was not to increase the third party's liability by providing for the right of subrogation in favor of the compensation carrier.

■ On the trial it was stipulated that Pan American paid "on behalf of Albert W. Harris medical and hospital expense aggregating $480.05." No issue concerning these expenses was stipulated to the jury and neither was any testimony offered to support the finding that they were reasonable and necessary. Before Harris could recover his medical expense he must have proved that it was reasonable and necessarily incurred. Dallas Railway & Terminal Co. v. Gossett, 156 Texas 252, 294 S.W. 2d 377. This case was appealed without a statement of facts and we are of the opinion that the trial court did not err in refusing to include the amount of that expense in the judgment.

■ Pan American argues that since the jury must not be informed of the amount of benefits paid to the employee by the insurer in settling the claim for compensation as held in Myers v. Thomas, 143 Texas 502, 186 S.W. 2d 811, therefore it would have been reversible error to have presented evidence as to the medical expense paid and the necessity for a reasonableness thereof. This assumption is not correct. The point is that it is improper to introduce before the jury evidence as to the amounts paid by the insurance company, but it would not be erroneous to introduce evidence as to what the medical expense amounted to and whether it was reasonable and necessary for the treatment of the injuries sustained. This is as much an essential part of the damages that Harris might recover from the third party as the physical injury and pain suffered by him.

We proceed now to the contention of Pan American that it should be awarded additionally the sum of $1750.00 which was the amount paid by Hi-Plains to Harris in settlement of his claim.

■ It is now the law in this state that the third party's negligence need not be judicially established before the compensation carrier is entitled to assert its claim for subrogation and where the employee and the third party entered into a settlement, both employee and the third party were liable to the carrier for the amount so paid up to the amount of compensation paid by the carrier to the employee. Traders & General Insurance Co. v. West Texas Utilities Co., supra. Likewise it was held in Fort Worth Lloyds v. Haygood, supra, that the first money "paid or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no rights to any funds; * * *."

Under the law thus announced we are of the opinion and so hold that Pan American is entitled to a judgment against Hi-Plains for the sum of $1750.00 which was the first money paid in this case. The contention made by Hi-Plains, however, is that this amount was tendered and refused and Pan American elected to proceed with its suit and therefore was entitled to recover only the sum of $1500.00 and no more, being the amount fixed as damages.

■ We have found no case squarely in point but we are of the opinion that Pan American was entitled to collect the $1750.00 without being required to release Hi-Plains from any further demands. Pan American had the right to proceed to trial and have submitted to the jury the amount of damages. If the amount

so found was equal to or in excess of the compensation so paid then Pan American would have been entitled to collect from Hi-Plains in full. In this case, however, the jury found that the damages were only $1500.00, less than the amount paid by Hi-Plains in settlement.

The limit of Hi-Plains' liability, had there been no settlement, was the amount of damages occasioned by its negligence and no more. On the face of things Hi-Plains made a rather unfavorable settlement, but it is not to be punished or penalized for that by having to suffer what would in effect be a double recovery or to have its liability increased by more than the sum it paid in settlement.

■ Pan American's alternate contention that, merely because the jury found Hi-Plains negligent, it thereby became liable to Pan American for the full amount of all sums paid to the employee, is not a sound theory nor is it founded on any authorities. No decisions to that effect are cited. It is therefore overruled.

We therefore hold that Pan American is entitled to a judgment against Hi-Plains Haulers, Inc., for the sum of $1750.00 and no more.

The judgments of both courts are therefore reversed and the cause remanded to the trial court for the entry of judgment in accordance with this decision. It is so ordered.

Opinion delivered October 18, 1961.

SMITH, Justice, dissenting.

I respectfully dissent. Pan American's contention that the payment by Hi-Plains to Harris, and the receipt by Harris of the sum of $1750.00 in settlement of his claim for damages, all with the knowledge of Pan American's right of subrogation, rendered Hi-Plains liable as a matter of law to Pan American for the sum of $1750.00 has, in effect, been sustained by the Court. The Court holds that Pan American was entitled to collect the $1750.00. This part of the holding is correct. When Hi-Plains paid and Harris received $1750.00 in settlement of his claim for damages with full knowledge of Pan American's rights of subrogation, Hi-Plains and Harris became liable to Pan American jointly and severally to the extent of an equal sum of $1750.00. The money paid over to Harris by Hi-Plains, actually, in law, belonged to Pan American. Therefore, the trial court erred in

granting Hi-Plains' motion to require an election of remedies, and in ordering Pan American to elect in writing whether it would accept the "sum of $1750.00 by way of full compromise and settlement of its entire interest in the cause of action * * * or whether * * * Pan American Insurance Company desires to determine the liability, if any, of * * * Hi-Plains * * * to * * * Harris, to the extent of the interest of Pan American Insurance Company therein under the terms of Sec. 6a, of Art. 8307, RCST."

The holding of the Court that Pan American is not entitled to recover the sum of $1500.00, awarded by the jury, in addition to the sum of $1750.00 is out of harmony with the stipulated facts, the release agreement executed by Hi-Plains and Harris, and the law as declared by the Supreme Court of Texas.

I cannot agree with the Court that the amount of the damages awarded by the jury and the trial court must be equal to or in excess of the compensation paid by Pan American to Harris before Pan American would be entitled to collect from Hi-Plains in full. This is the sole reason given by the Court for not awarding judgment in favor of Pan American for the $1500.00 in addition to the sum of $1750.00.

The stipulated facts and the release agreement refute this holding. It was stipulated that as the result of the injury received by Harris, the Pan American Insurance Company was caused to expend the sum of $3500.00 as compensation to Harris, and the sum of $480.85 for medical and hospital expenses, a total of $3980.85; that the settlement between Harris and Hi-Plains was made without the consent, participation, knowledge, approval or acquiescence of Pan American, and with full knowledge on the part of Hi-Plains of Pan American's right of subrogation. That they had such knowledge and well knew that in the event Pan American established that the injury sustained by Harris was proximately caused by the negligence of Hi-Plains, Pan American would be entitled to judgment against Hi-Plains for whatever sum in damages should be awarded by the trial court, whether such sum should be more or less than $3980.85, is conclusively shown by the settlement agreement executed by Harris and Hi-Plains. The settlement agreement was introduced in evidence as a part of the stipulated facts. The portion of the written agreement pertinent here, reads as follows:

"It is understood and contemplated by the parties that Pan American Insurance Company, intervenor, * * * has paid to said Albert W. Harris workmen's compensation and medical

expenses [$3980.85] * * * ; and there is expressly excepted from the terms of this compromise and settlement and reserved to said Pan American Insurance Company its interest in said cause of action of Albert W. Harris by virtue and to the extent of the workmen's compensation payments and medical expenses made by said Pan American Insurance Company heretofore, to or on behalf of said Albert W. Harris as a result of said accident and injuries of Albert W. Harris sustained therein. But it is expressly understood and agreed that except for and only to the extent of the interest of said Pan American Insurance Company in said claim and cause of action, this compromise and settlement is in full and complete discharge of the entire remaining interest of the said Albert W. Harris in and to said claim and cause of action against the parties to this compromise and settlement agreement; and that said payment of $1,750.00 is made by The Travelers Insurance Company to and for the sole use and benefit of the said Albert W. Harris individually and compromise and settlement, release and discharge of the cause of action asserted by him in the above entitled and numbered cause, excepted only to the extent of such interest therein as has accrued to said Pan American Insurance Company under Article 8307, Section 6a, RCST. It is also specially understood and agreed that this compromise and settlement agreement is intended only for the benefit of Albert W. Harris, Hi-Plains Haulers, Inc., Levi C. Holt and The Travelers Insurance Company, and is the compromise and settlement and release and discharge of a doubtful and disputed claim, liability for which is denied by said Hi-Plains Haulers, Inc., Levi C. Holt and The Travelers Insurance Company as shown by their answer filed in the above entitled and numbered cause and the nature and extent of the injuries alleged by the plaintiff being disputed; and that the payment herewith made and the terms of this settlement is in no event to be construed or constitute any admission of liability by Hi-Plains Haulers, Inc., Levi C. Holt and/or The Travelers Insurance Company to said Pan American Insurance Company, its successors or assigns."

Then again near the closing paragraph of the agreement, the parties agree that Harris shall be forever barred from asserting any claim or cause of action against "the remaining parties hereto, * * * excepting from this compromise and settlement, release and discharge, only the interest of said Pan American Insurance Company in and to said claim and cause of action as to the extent asserted by it in its First Amended Original Answer on file in this cause."

The claim asserted by Pan American was for a recovery of damages. Pan American adopted the pleadings of Harris and those pleadings prayed for a recovery of damages in the sum of $47,-500.00, plus medical and hospital bills. Nothing contained in the agreement placed a limitation on Pan American's recovery. Therefore, the "extent" of Pan American's claim would naturally be only limited by the amount paid by Pan American to Harris in settlement of Harris' claim for workmen's compensation in the event the jury award in damages exceeded such payment. The jury verdict was for only $1500.00. By the very terms of the settlement agreement, Hi-Plains and Harris admitted that Pan American would be entitled to the sum in damages which might be awarded by the court's judgment based upon the verdict of the jury, the trier of the facts in this instance.

Since the money paid by Hi-Plains to Harris in settlement was less than the amount of compensation paid by Pan American to Harris, Pan American was entitled to receive from Hi-Plains and Harris the amount of $1750.00 paid to Harris, and in addition thereto it was entitled for its benefit, but in the name of Harris, to assert the original claim and cause of action by Harris against Hi-Plains in order to make itself whole. Hi-Plains recognized this right. In fact, Hi-Plains filed a motion in the trial court that judgment for Pan American be limited to $1500.00, the exact amount awarded by the jury. Pan American was clearly entitled to this additional recoupment.

Pan American's subrogation rights were not only stipulated and agreed upon by Hi-Plains and Harris, but were definitely fixed by Section 6a of Article 8307, Vernon's Annotated Civil Statutes of Texas. This statute does not provide for separate causes of action. Under the statute, there is but one cause of action against the third-party tort feasor. See Texas Employers' Ins. Ass'n v. Texas & P. Ry. Co. et al., Texas Civ. App., 129 S.W. 2d 746, wr. dism. judg. cor.

Pan American was not compelled by statute or otherwise to accept the tendered payment of $1750.00 *in full and final settlement of all* of its subrogation rights. The money paid over to Harris by Hi-Plains, actually, in law, belonged to Pan American. It had the right under the statute to be reimbursed out of the first monies *paid to or recovered* by Harris. See Traders & General Insurance Company v. West Texas Utilities Company, 140 Texas 57, 165 S.W. 2d 713; and Fort Worth Lloyds v. Haygood, 151 Texas 149, 246 S.W. 2d 865.

There is no distinction, in principle, between the present case

and the two cases last cited. In the present case, Pan American was required to proceed with the Harris cause of action against Hi-Plains if it expected additional recoupment. It did just that and in the trial judicially established that acts of negligence charged against Hi-Plains were the proximate cause of the injuries sustained by Harris. The answers of the jury to the issues inquiring as to the contributory negligence of Harris were all favorable to Harris. The jury also found that the collision in question was not the result of an unavoidable accident.

The fact that the jury verdict and judgment of the trial court was for $1500.00, a sum less than the amount of money paid to Harris, does not mean that Pan American is to be denied a recovery of the jury award. Pan American is entitled to a recovery of the $1500.00 awarded by the judgment of the trial court, in addition to a recovery of $1750.00, the amount of the settlement payment by Hi-Plains to Harris. Both sums are to be considered as money paid over to the employee within the meaning of Section 6a of Article 8307, supra. This conclusion is inescapable in the light of the holding of this Court in the cases of Traders & General v. West Texas Utilities, supra, and Fort Worth Lloyds v. Haygood, supra. This Court said in Traders & General, supra:

"* * * It is pointed out in Fidelity Union Casualty Company et al v. Texas Power & Light Company, Texas Civ. App., 35 S.W. 2d 782, 783, writ refused, that such 'right of subrogation has existence only in the terms of this statute [Sec. 6a] and it can be enforced only as therein directed.' It is also stated in the opinion that 'the amount to be recovered' against the third person tort feasor is 'to be appropriated between the parties as directed by the statute', that is that the association first recoup itself out of the amount recovered, and that the excess only be paid to the injured employee. The money paid over to the employee therefore belonged, under the law, to Traders & General and both the company and the employee were charged with knowledge of that fact and had actual knowledge that Traders & General was asserting its subrogation rights in the cause at the time the settlement was made. The right of the association to reimbursement out of the first money paid is statutory; and in event the employee is permitted, without the consent of the association, to settle his claim against the alleged third person tort feasor, thus eliminating his further interest in the suit, the provision of the statute authorizing the insurance association to *enforce for the joint use and benefit of said employee and the association* the liability of such tort feasor, is thereby nullified. * * * The money belonging to

Traders & General was wrongfully paid by the utilities company to the employee, who wrongfully received it, and both were thereby rendered liable to pay to Traders & General the amount of compensation theretofore paid by it to the employee, together with the costs of enforcement, including a reasonable attorney's fee therefor." [Emphasis added.]

To fail to apply here the principle announced in Traders & General, supra, would be in contravention of the legislative purpose in enacting Sec. 6a, supra.

In the case of Fort Worth Lloyds v. Haygood, supra, this Court cited with approval several cases, including Traders & General, supra; Houston Gas & Fuel Co. v. Perry, 127 Texas 102, 79 S.W. 2d 623, 91 S.W. 2d 1052; Hanson v. Ponder, Texas Comm. App., 300 S.W. 35; and Galveston-Houston Electric Ry. Co. et al v. Reinle et al, Texas Civ. App., 264 S.W. 783, wr. ref. The Court then went on to hold: "[T]he fundamental principle underlying the * * * cases cited above is that where compensation has been paid to an injured employee, or his representatives, and they later file suit against the third party tort feasor, *the first money paid or recovered by the employee, or his representatives, belongs to the compensation carrier* paying the compensation, and until it is paid in full, the employee, or his representatives, have no rights to any funds * * *." [Emphasis added.]

The judgment of the Court of Civil Appeals should be reversed and judgment should be rendered for Pan American against Hi-Plains for the sum of $3250.00.

Chief Justice Calvert and Associate Justices Griffin and Hamilton join in this dissent.

Opinion delivered October 18, 1961.