HOME INDEMNITY COMPANY, Appellant,

v.

John H. THOMPSON et al., Appellees.

No. 7738.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1966.

William A. Barber, Jr., Texarkana, for appellant.

Cahill Hitt, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellees.

DAVIS, Justice.

A suit to recover subrogation from third party under Article 8307, § 6a, Vernon's Ann.Tex.Civ.St.

Harvie Simmons was employed by John Carver and was covered by workmen's compensation insurance by plaintiff-appellant, Home Indemnity Company. In the course of his employment, he was in the process of getting gasoline that was purchased from defendants-appellees, John H. Thompson and Sinclair Refining Company, and while in the process of loading a truck with gasoline it caught fire and burned Harvie Simmons. Appellant paid to Harvie Simmons the sum of $1,711.85 workmen's compensation.

While the claim of Harvie Simmons was pending against appellant for workmen's compensation, appellees, with knowledge of appellant's subrogation claim, paid Harvie Simmons One Thousand ($1,000.00) Dollars and obtained a release. Appellees plead the release and moved for summary judgment. Summary Judgment was denied and the case was tried before a jury. The jury answered all the special issues in favor of the appellees and against Harvie Simmons. The jury convicted Harvie Simmons of being guilty of contributory negligence. Appellant filed a motion for judgment non obstante veredicto. The trial court overruled the motion and entered judgment that appellant take nothing. Appellant has perfected its appeal and brings forward eight points of error.

■ By its point one, appellant says the trial court erred in failing to grant its motion for judgment non obstante veredicto against appellees for $1,000.00, and bases its claim under Art. 8307, § 6a, and Pan American Insurance Company v. Hi-Plains Haul-

ers, Inc. (1961), 163 Tex. 1, 350 S.W.2d 644. Appellees take the position that since the jury found that Harvie Simmons was guilty of contributory negligence it was incumbent upon the court to enter the judgment that it did. The judgment, as entered, is contrary to the law as announced by the Supreme Court of Texas in Pan American Insurance Company v. Hi-Plains Haulers, Inc., supra. In that case, the court said:

"It is now the law in this state that the third party's negligence need not be judicially established before the compensation carrier is entitled to assert its claim for subrogation and where the employee and the third party entered into a settlement, both employee and the third party were liable to the carrier for the amount so paid up to the amount of compensation paid by the carrier to the employee. Traders & General Insurance Co. v. West Texas Utilities Co., supra [140 Tex. 57, 165 S.W.2d 713]. Likewise it was held in Fort Worth Lloyds v. Haygood, supra [151 Tex. 149, 246 S.W.2d 865, 869], that the first money 'paid or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no rights to any funds; * * *.'"

The point is sustained.

Appellant briefly briefed its second point of error, but cited no authorities, on the ground that the appellee, Thompson, had lunch with one of plaintiff's witnesses. Since appellees were depending upon the release and admitted that they had paid One Thousand Dollars, no harm is shown. It does not matter whether or not any negligence was shown on the part of appellees. The point is overruled.

■ Appellant did not brief his points 3 through 8 and they have been waived. Although they are not necessary to the decision that we have reached, they are overruled.

The judgment of the trial court is reversed and the cause is remanded to the trial court for entry of a judgment in favor of the appellant for $1,000.00 in accordance with this decision. It is so ordered.