The **TRAVELERS INSURANCE COMPANY, Appellant,**

v.

The **CITY OF WEST COLUMBIA et al., Appellees.**

**No. 15908.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 11, 1972.

Rehearing Denied June 29, 1972.

----◆----

McLeod, Alexander, Powel & Apffel, Ervin A. Apffel, Jr., C. Michael Davis, Galveston, for appellant.

A. J. Watkins, John W. Lee, Houston, for appellee; Watkins & Hamilton, Houston, of counsel.

COLEMAN, Justice.

This appeal results from a wrongful death action brought by Mrs. Ruth Gajewsky, individually and as legal guardian of her minor son, David W. Gajewsky, Jr., and Joe F. Gajewsky, Sr. and his wife, Stella Mae Gajewsky, hereinafter referred to as plaintiffs, against the City of West Columbia, for the death of David W. Gajewsky, Sr., the husband of Ruth Gajewsky.

The issue here is whether an agreement between the plaintiffs and the City, termed an option agreement, is as a matter of law a compromise settlement agreement, rendering the parties in the agreement liable to the compensation insurance carrier for the money which the plaintiffs are entitled to demand from the City under the terms of said agreement, such sum being less than the death benefits paid to plaintiffs.

On July 24, 1970, David Wayne Gajewsky, Sr. was employed by the De Angelo Construction Company, was injured while in the scope of employment and died as a result of the injuries. The appellant herein carried workmen's compensation insurance on the De Angelo Company and paid $16,107.28 as death benefits as provided by the Workmen's Compensation Act.

Thereafter, the plaintiffs filed a lawsuit against the City of West Columbia alleging that employees of the City caused the death of David W. Gajewsky, Sr. Appellant, pursuant to Article 8307 § 6a, Vernon's Ann.Civ.St., intervened to recover the amounts paid by them to the plaintiffs, together with costs and attorney's fees.

The suit was tried before a jury on October 11, 1971. The plaintiffs presented certain inconsequential deposition testimony and then rested. (SF 6). At that time, appellant announced in open court that he had learned that the plaintiffs had entered into what was labeled as an "Option Agreement" on October 13, 1971 with the City and its insurance carrier, Hartford Accident & Indemnity Company, hereinafter referred to as defendants. Appellant asked for and received a recess to the following day to decide whether to proceed with the evidence on behalf of plaintiffs. Appellant then declined to go forward with evidence.

The defendant City moved for either an instructed verdict or in the alternative that the case be withdrawn from the jury and judgment rendered in its favor. The appellant, as intervenor, moved that the court render judgment for them alleging that the "option agreement" was in reality a compromise settlement and therefore the pro-

ceeds paid pursuant to it were subject to said Article 8307 § 6a. The court overruled appellant's motion and rendered judgment for the City that the plaintiffs take nothing.

Appellant presents only one point of error for review. It complains of the overruling of its motion because the "option agreement" is a compromise settlement, the proceeds of which are subject to its subrogation claim by reasons of Article 8307 § 6a. V.A.C.S., providing:

" . . . If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries . . ."

Appellee contends that no settlement has been shown; that the appellant is asking for an advisory opinion because no payment has been established, and that the option agreement settles nothing.

The agreement provides that when the plaintiff's cause of action is finally disposed of, if the plaintiffs are awarded more than $11,500.00, then the defendants have an irrevocable right to purchase that judgment or decree for any amount, but not less than $11,500.00. If the judgment is for a sum less than $11,000.00, then the defendants are obligated to purchase the judgment for any amount the plaintiffs designate, but no more than $11,000.00. Paragraphs IV and V read:

IV.

"Each party hereto agrees to protect and save harmless the other party from and against all claims, demands or causes of action of anyone, not a party to this agreement, to any interest in the cause of action, judgment, decree or money hereinabove referred to; provided, however, that the obligation of Party of the First Part to protect and save harmless Party of the Second Part shall not apply to any final judgment or decree rendered by a court of competent jurisdiction requiring Party of the Second Part to pay any sum to The Travelers Insurance Company by reason of the plea for recoupment and in intervention filed herein by the Travelers Insurance Company."

V.

"It is stipulated and agreed that this is not a settlement of any cause of action or claim for damages which Party of the First Part, or any individual who is a part of the group collectively designated as a Party of the First Part, may have against Party of the Second Part. It is further stipulated and agreed that this instrument does not constitute a release of Party of the Second Part, it being the intention of the parties to this option agreement that Party of the Second Part shall have, and is here granted, an option and an obligation to purchase any judgment or final decree herein for the amounts and in the manner hereinabove set forth."

■ The effect of the agreement was to compromise and settle the plaintiffs' cause of action, thus substantially eliminating their further interest in the suit. By rea-

son of Article 8307 § 6a, V.A.C.S., appellant has become subrogated to the rights of plaintiffs against the City. It is entitled to be repaid the money paid out on the claim for workmen's compensation before plaintiffs are entitled to receive anything from the City whether by judgment or compromise settlement. Capitol Aggregates, Inc. v. Great American Insurance Company, 408 S.W.2d 922 (Tex.1966); Ft. Worth Lloyds v. Haygood, 151 Tex. 149, 246 S. W.2d 865 (1952).

The exact amount of money to be paid plaintiffs is, by the agreement, to be determined by plaintiffs, subject to the proviso that in no event will the City be required to pay more than $11,000.00. However plaintiffs have received a contract right to demand the payment of $11,000.00, which became fixed by the rendition of judgment by the trial court. Appellant is subrogated to this right by virtue of said Art. 8307 § 6a.

The City's negligence need not be judicially established before appellant is entitled to assert its claim for subrogation. Since the beneficiaries of the deceased employee have entered into a settlement, both the beneficiaries and the City are liable to appellant for the amount due in settlement of beneficiaries' claim up to the amount of compensation paid by appellant. Pan American Insurance Co. v. Hi-Plains Haulers, Inc., 163 Tex. 1, 350 S.W.2d 644 (1961).

The judgment of the trial court is reversed and judgment is here rendered that Travelers Insurance Company recover judgment against the City of West Columbia and Ruth Marie Gajewsky, David Wayne Gajewsky, a minor, Joe S. Gajewsky, Sr., and Stella Mae Gajewsky, jointly and severally, in the sum of Eleven Thousand ($11,000.00) Dollars. The judgment of the trial court awarding a fee of $250.-00 to Marcial Knapp, guardian ad litem, to be paid by the City of West Columbia is affirmed. All costs of court are taxed against the City of West Columbia.